```
                     Environmental Court of Vermont
                          State of Vermont
```

```
===============================================================================
                    E N T R Y   R E G A R D I N G   M O T I O N
===============================================================================
```

**Hale Mountain Fish & Game Club,     Docket Nos 149-8-04 Vtec and 259 12-05 Vtec**

   **(Appeals from Shaftsbury ZBA determination on need for permit)**

**Title: Motion to Alter, No. 21**

**Filed:       January 11, 2010**

**Filed By: Gillies, Paul S., Attorney for Appellants Owen & Katherine Beauchesne**

**Response filed on 01/26/10 by Cross Appellant Hale Mountain Fish & Game Club**


**_X_ Granted (in part) and      _X_ Denied (in part)      ___ Other**

   Appellants seek by their current motion to have the Court alter its December 15, 2009 Third Interim Decision ("Decision") to reflect specific changes Appellants suggest in their Motion to Alter. We begin our analysis with a review of the standards under V.R.C.P. 59(e) regarding motions to alter.

   We first note that a Rule 59(e) motion should not be used to "relitigate old matters" or "raise arguments or present evidence that could have been raised prior to entry of the judgment." Appeal of Van Nostrand, Nos. 209-11-04 & 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure Civil 2d: § 2810.1 (2d ed. 1995)). Also, the motion should be denied if it serves "no useful purpose." Appeal of Van Nostrand, Nos. 209-11-04 & 101-5-05 Vtec, slip op. at 4.

   Appellants' Motion to Alter focuses on three issues. First, Appellants claim that the Court "relied on mistaken information" when deciding whether the clearing of vegetation required a permit.[1] Appellants correctly note that in two of three instances, the Court mistakenly referenced "feet" instead of "yards" when addressing the measurement of vegetation clearing in its Decision at pp. 8 and 12; the correct measurement is in fact 437 yards. The Court regrets its mistake. However, due to the fact that the mistaken reference to "feet" rather than "yards" was not relied upon by the Court when rendering its decision, an alteration to the Decision is without purpose, unnecessary and therefore not warranting an amendment to our prior Decision. See Van Nostrand at 4. By this Entry Order, we note that all references in our Decision to the distance of vegetation clearing should be to "437 yards" and not to feet.

   Although Appellants' introduction in their Motion to Amend indicates that they seek to address the improper measurement reference, further reading reveals that Appellants also seek to inform the Court of additional vegetation clearing allegations and request a hearing to allow Appellants to introduce this further evidence. We decline to do so here, since Appellants make no claim that such evidence was unavailable for introduction during the first adjudication of this issue. A Motion to Alter is not an appropriate avenue to present new evidence.

---

[1] This issue was raised in Question 18 of Appellants' Statement of Questions in Docket No. 149-8-04 Vtec.

We therefore decline to grant Appellants' Motion to Alter for this purpose.  <u>See Id</u>.

Appellants' second claim for alteration pertains to the Court's reference in its Decision to Applicant Hale Mountain Fish and Game Club ("Club") as a "non-profit" entity. The evidence previously presented was undisputed in its reference to the Club as a non-profit entity.  In fact, our prior Interim Decision dated March 25, 2008 referenced the Club in such a manner, and that reference has not been disputed, until now.

It appears that Appellants' concern regarding the Court's reference to the Club as a "non-profit" may be misplaced, for two reasons, both of which relate to the possible future application by the Club for a zoning permit, as directed by this Court.  See Dec. 15, 2009 Decision at 13.  First, the applicable zoning regulations classify specific permitted uses, some with a limiting condition that they be "operated by a governmental unit or non-profit organization."  Town of Shaftsbury Zoning Bylaws at § 4.1.1.4.3.   Second, while the evidence previously presented and ruled upon supported our determination that the Club was a non-profit entity, our ruling does not foreclose the appropriate municipal panel from considering whether the Club is a non-profit entity at the time of its future application, particularly within the context of the applicable bylaws.  We cannot conclude in these proceedings that the Club will be a non-profit entity at the time it submits a future zoning application, whenever that may be.

Under Appellants' third and final claim as to why our prior Decision should be altered, Appellants ask the Court to elaborate on "how the Club will get around the enlargement and commercial problem." Appellants' expectations in this instance appear to go beyond the jurisdiction of this Court.  In essence, Appellants are requesting that this Court determine how the Club's possible future zoning permit application should be viewed and addressed.  We cannot answer such questions in this appeal, since to do so before the appropriate municipal panel considers the Club's future application would be improper and constitute an advisory opinion.  <u>See</u> <u>In re 232511 Investments, Ltd.</u>, 179 Vt. 409, 417, 898 A.2d 109, 116 (2006).  We therefore decline to render such an advisory opinion and will not alter our prior Decision in such a manner.

For all these reasons, we conclude that Appellants' Motion to Alter should be DENIED, other than to acknowledge and correct our mistake in the measurement of the affected vegetation (i.e.: 437 yards, not feet).

<table>
<tr><td>_____</td><td>__February 3, 2010__</td></tr>
<tr><td>Thomas S. Durkin, Judge</td><td>Date</td></tr>
</table>

========================================================================

Date copies sent to:  _____              Clerk's Initials _____

Copies sent to:
    Attorney Paul S. Gillies for Appellants Owen & Katherine Beauchesne
    Attorney Rodney E. McPhee for Cross Appellant Hale Mountain Fish & Game Club
    Attorney Robert E. Woolmington for Town of Shaftsbury (FYI purposes only)